UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS (SHERMAN)

CRAIG CUNNINGHAM, Pro-se            )
                                    )
    *Plaintiff*                     )
                                    ) CIVIL ACTION NO.: 4:17cv839
v.                                  )                              )
                                    )
Amber Florio, Law Offices of Amber Florio, PLLC, Global Client Solutions, LLC,
Commonwealth Servicing Group, LLC, Monmouth Marketing Group, LLC, Tom Moran,
DMB Financial, LLC, Hal Browder, Matthew Guthrie    )

    *Defendants.*

FILED
DEC 12 2017
Clerk, U.S. District Court
Texas Eastern

### Plaintiff's Corrected Original Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person with a mailing address of 3000 Custer Road, ste 270-206, Plano, Tx 75075

2. Amber Florio is a natural person and licensed Texas Attorney and can be served at PO Box 470101, Fort Worth Texas, 76107 or 1801 Carleton Ave., Fort Worth, Tx 76107 or 6636 W. William Cannon Dr., APT 416, Austin, Tx 78735 or 420 Throckmorton St., ste 200 Fort Worth, Tx 76102.

3. Law offices of Amber Florio, PLLC is a Texas corporation and can be served at 1801 Carleton Ave., Fort Worth, Tx 76107 upon manager Tom Rogus or Amber Florio, registered agent.

4. Global Client Solutions, LLC, is an Oklahoma corporation that can be served via registered agent, Brent Hampton, 4500 S 129th E Ave., ste 175, Tulsa, OK 74134

5. Commonwealth Servicing Group, LLC is a Massachussets corporation operating from 4 Surrey Lane, Danvers, MA 01915 and can be served via registered agent

Matthew Guthrie, 4 Surrey Lane, Danvers, MA 01923 or manager Daniel Kwiatek.

6. Monmouth Marketing Group, LLC is a New Jersey corporation and can be served at 118 Megill Road Farmingdale, NJ 07727 upon Tom Moran registered agent or 106 Apple Street, Red Bank, NJ Tinton Falls, NJ or 163 Huntley Ave., Bayville, NJ 08721 or 2126 Sawmill, Lane Allenwood, NJ 08720.

7. Tom Moran is a natural person and can be served at 163 Huntley Ave., Bayville, NJ 08721 or 2126 Sawmill, Lane Allenwood, NJ 08720.

8. DMB Financial, LLC, is a Massachussets corporation operating from 500 Cummings Center Drive, ste 3800, Beverly, MA 01915 with a registered agent of Matthew Guthrie at 4 Surrey Lane, Danvers, MA 01923.

9. Matthew Guthrie is a natrual person who can be served at 4 Surrey Lane, Danvers, MA 01923.

10. Hal Browder is a Tennessee attorney who can be served at 3308 Lebanon Pike, Apt 30, Hermitage, TN 37076.

## Jurisdiction

11. Jurisdiction of this court arises as the acts happened in this county.

12. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here. Personal jurisdiction is apparent as the defendants are making calls to the state of Texas for the purpose of soliciting Texas residents for debt relief.

## FACTUAL ALLEGATIONS

13. In 2016, the Plaintiff received multiple automated phone calls to the Plaintiff's cell phone which were not related to any emergency purpose and without the Plaintiff's consent. The calls were from a variety of phone numbers designed to make them difficult to track, but each and every call had a familiar "Heather with card service" pre-recorded message and were selling debt relief services.

14. The Plaintiff was able to identify Amber Florio and the Law Offices of Amber Florio as one of the liable parties in this case through a representation agreement that was sent via email to the Plaintiff in October 2016. This representation agreement also discloses that the services of Global Client Solutions, LLC were being sold as a result of the illegal telemarketing calls in the representation agreement and thus each and every call was by or on behalf of Global Client Solutions, LLC.

15. According to the representation agreement and fee schedule, there were various monthly charges that Global Client Solutions, LLC would charge the Plaintiff for services, inluding a monthly service charge of $10.75 and an ACH fee of $2.00.

16. Upon further investigation, the Plaintiff learned that the debt relief services were actually by and on behalf of the Commonwealth Servicing Group, LLC and DMB Financial, LLC two Massachussets corporations owned by Matthew Guthrie, the real ringleader of this illegal telemarketing operation. Commonwealth Servicing Group, LLC, DMB Financial, LLF and Matthew Guthrie are vicariously and directly liable for each and every call to the Plaintiff. Some calls were directly made by Matthew's corporations to the Plaintiff.

17. Upon further investigation, the Plaintiff discovered the call were being directly

placed from Monmouth Marketing Group, LLC a New Jersey corporation at the direction and with the direct, personal involvement of Tom Moran. Monmouth Marketing Group and Tom Moran are directly liable for each and every phone call to the Plaintiff.

18. Hal Browder is a Tennessee licensed attorney, but is not licensed to practice law in Texas. Hal Browder was referred to the Plaintiff as an attorney who would represent the Plaintiff for debt relief by Commonwealth Law Group.

19. The Plaintiff is in the process of identifying all the calls, but believes the total number of calls between 50 and 200 calls.

20. The Defendants in this case violated the FDCPA by attempting to collect a debt and falsely representing their names, which is a false or misleading representation. Additionally, the Defendants placed multiple harassing calls to the Plaintiff which would annoy or harass a reasonable person.

21. These are false or misleading representations likely to confuse an unsophisticated consumer in violation of 15 USC 1692(e).

22. All of the above named defendants are also debt collectors as defined by the FDCPA, 15 USC 1692(a), as they are using interstate commerce and they are in the principal purpose of collecting debts due to another, in this case, student loan debt. The Defendants also failed to provide any of the required disclosures under 15 USC 1692(g)

23. These calls violated the Telephone Consumer protection act, 47 USC 227 (b) by their automated nature and entitle the Plaintiff to $1500 per call in damages.

24. The calls violated the TCPA due to the defendant's failure to maintain a Do not

call list, failure to train the agents on the use of a do not call list, pursuant to 47 USC 227 (c)(5) as codified by the FCC's 47 CFR 64.1200(d)(4). These are a separate category of violations entitling the Plaintiff to an additional $1500 per call. In total, the Plaintiff is entitled to recover $3000 per call.

## CAUSES OF ACTION:

### COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

25. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

26. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited automated calls to the Plaintiff's cell phone. These calls violated the TCPA, 47 USC 227(c)(5) as they failed to maintain a do not call list and train their agents on the use of it.

### COUNT II

### Violations of the Telephone Consumer Protection Act (TCPA)

27. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

28. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated calls without an emergency purpose to the Plaintiff's phone. These calls violated 47 USC 227(b)

### Count III

## Violations of the FDCPA

29. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

30. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated calls without an emergency purpose to the Plaintiff's phone. These calls violated 15 USC 1692(e) and 15 USC 1692(g)

### PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants

B. Statutory damages of $3000 for each phone call and $1000 in statutory damages under the FDCPA

C. Pre-judgment interest from the date of the phone calls.

D. Attorney's fees for bringing this action as incurred; and

E. Costs of bringing this action; and

F. For such other and further relief as the Court may deem just and proper

Respectfully submitted, December 11th 2017

Craig Cunningham
Plaintiff, Pro-se
Mailing address:
~~5543 Edmondson Pike, ste 248~~
~~Nashville, tn 37211~~, 615-348-1977

3000 Custer Road
Ste 270-206
Plano, TX 75075