UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS (SHERMAN)

| | |
|---|---|
| CRAIG CUNNINGHAM, ) | |
| ) | No. 4:17-CV-00839 |
| Plaintiff ) | |
| v. ) | Judge Amos L. Mazzant, III |
| ) | |
| AMBER FLORIO, LAW OFFICES OF ) | Magistrate Judge Christine A. Nowak |
| AMBER FLORIO, PLLC, GLOBAL ) | |
| CLIENT SOLUTIONS, LLC, ) | |
| COMMONWEALTH SERVICING ) | **ORAL ARGUMENT REQUESTED** |
| GROUP, LLC, MONMOUTH ) | |
| MARKETING GROUP, LLC, TOM ) | |
| MORAN, DMB FINANCIAL, LLC, ) | |
| HAL BROWDER and MATTHEW ) | |
| GUTHRIE, ) | |
| ) | |
| Defendants ) | |

**DEFENDANTS, COMMONWEALTH SERVICING GROUP, LLC, DMB FINANCIAL, LLC, AMBER FLORIO, LAW OFFICES OF AMBER FLORIO, HAL BROWDER and MATTHEW GUTHRIE'S, MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT WITH SUPPORTING MEMORANDUM OF LAW**

Pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants, Amber Florio, Law Offices of Amber Florio, PLLC, Commonwealth Servicing Group, LLC, DMB Financial, LLC, Hal Browder and Matthew Guthrie (collectively "Defendants") file this Motion to Dismiss Plaintiff's Second Amended Complaint. This Court should dismiss Second Plaintiff's Complaint, with prejudice as; 1) the Plaintiff fails to plead an injury-in-fact to demonstrate standing, (2) the Complaint does not state a plausible claim for relief against any of the Defendants for violations of the Telephone Consumer Protection Action, 47 U.S.C. § 227 *et seq.* (the "TCPA") and the Federal Debt Consumer Protection Act ("FDCPA"), 3) this Court does not have personal jurisdiction over Hal Browder, Mathew Guthrie, DMB Financial, LLC, Commonwealth Serving Group, LLC and 4) the Plaintiff fails to

properly state a claim for vicarious liability. Therefore, dismissal is proper pursuant to Rule 12(b)(2). This Motion is supported by the following Memorandum of Points and Authorities:

## <u>MEMORANDUM IN SUPPORT</u>

### INTRODUCTION AND BACKGROUND

Plaintiff filed his original Complaint against the Defendants on December 12, 2017. The Complaint filed was entitled "Plaintiff's Corrected Original Complaint" which appears to amend an attached Complaint entitled "Plaintiff's Amended Complaint." In "Plaintiff's Amended Complaint," the Plaintiff admits that he is a Tennessee resident, with a mailing address of 5543 Edmondson Pike, Ste 248, Nashville, TN 37211. On or about February 9, 2018, the Plaintiff filed "Plaintiff's Second Amended Complaint," which does not allege that the Plaintiff is a Texas resident. But, rather alleges that his mailing address is 3000 Custer Road, Suite 270-206, Plano, TX 75075.

Plaintiff alleges that only Amber Florio and the Law Offices of Amber Florio, PLLC reside in the state of Texas. Per the Plaintiff's Second Amended Complaint, the other Defendants do not reside in the state of Texas. Nor does the Plaintiff allege that those non-resident Defendants have significant jurisdictional contacts to support a basis for general and specific personal jurisdiction.

The Plaintiff alleges that the Defendants violated certain provisions of the Telephone Consumer Protection Act under 47 U.S.C. § 227 et seq. (the "TCPA"). Specifically, the Plaintiff alleges that the Defendants violated the TCPA by placing calls to his cellular telephone using an automatic telephone dialing system ("ATDS"), pre-recorded voice and a failure to maintain a do not call list pursuant to 47 U.S.C. § 227 (c)(5) as codified by 47 CFR 64.1200(d)(4). Congress enacted the TCPA to protect consumers against unwanted and annoying calls to a person's cellular telephone.

Plaintiff alleges that he received between "50 and 200" automated calls" to his cellular telephone[1]. The Plaintiff admits that he is only "in the process of identifying all the calls" and cannot provide a finite number of calls. The Plaintiff alleges that "each and every call" had a familiar "Heather with card service pre-recorded message and were selling debt relief services" and that the calls had a "3-4 second delay of dead air before the line connected and there was a pre-recorded voice." But yet, the Plaintiff later alleges that the "callers mentioned Commonwealth Law Group" as if there was a conversation with a live person.

As this Court is well aware, the Plaintiff is a notorious serial TCPA litigant. Within the last 5 years, the Plaintiff has filed at least 80 lawsuits under the TCPA in various jurisdictions. The Plaintiff seemingly uses the TCPA as a mechanism to enrich himself for any calls he receives from any business. Upon information and belief, the Plaintiff has developed a method in which he purposefully entraps companies into making calls to him. This is demonstrated by the fact that the Plaintiff alleges that he received a representation agreement from the Law Offices of Amber Florio, PLLC. This fact would seem to indicate that there was a business relationship with at least the Law Offices of Amber Florio, PLLC, or the Plaintiff acted in such a way that led the said defendant to believe that there was business relationship between the two parties (as the said Defendant prepared a representation agreement, obtained personal information from the Plaintiff through its case intake process, prepared a representation agreement and setup an internal file for the Plaintiff). This set of circumstances is no coincidence as it was likely the Plaintiff's intention to entrap the Law Offices of Amber Florio, PLLC in another one of the Plaintiff's infamous TCPA lawsuits.

Interesting enough, the Plaintiff does not allege that he is on the national do not call list. In fact, he admits in the Plaintiff's Second Amended Complaint that he, is in fact, not on the

---

[1] This allegation is clearly in violation of Federal Rule of Civil Procedure 11(b) as the Plaintiff failed to make a reasonable inquiry reasonable under the circumstances to confirm the number of calls that he allegedly received before filing this lawsuit.

national do not call list. One would think that a filer of over 80 TCPA lawsuits would place his cell phone number(s) on the do not call list if he was really bothered or annoyed that companies called his cell phone, what seems like a regular basis. As serial filer of TCPA Complaints, the Plaintiff encourages these calls (and possibly solicits these calls himself) in hopes of a big payday. Clearly, the Plaintiff is not the type of consumer that Congress intended to protect by enacting the TCPA.

**ARGUMENT**

**I – Plaintiff fails to plead an injury-in-fact to demonstrate standing.**

The Plaintiff has the burden to plead that he has standing. *Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Standing requires "(1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complaint of; and (3) the likelihood that a favorable decision will redress the injury." *Croft v. Governor of Tex.*, 562 F. 3d 735, 745 (5th Circuit 2009). Plaintiffs, including TCPA plaintiffs, must "clearly…allege facts" demonstrating each of those elements of standing. *Paterson* v. *Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

Merely pleading a TCPA violation is insufficient to establish standing. *Morris v. United Healthcare Ins. Co*. 2016 WL 7115973. A violation of a statute, in this instance the TCPA, does not automatically create Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). In fact, *Spokeo* requires an actual injury to the plaintiff. *Id.* "*Spokeo* recognizes that at a minimum, a concrete intangible injury based on a statutory violation must constitute a "risk of real harm' to the plaintiff. *Lee* v. *Verizon Communications, Inc.*, 837 F. 3d 523, 529 (5th Cir. 2016).

In *Romero*, the court found that a plaintiff cannot establish an injury in fact by merely pleading that the defendant's calls violated the TCPA as a matter of course. *Romero v. Dep't Stores Nat'l Bank*, 2016 WL 4184099 at 3 (S.D. Cal. Aug. 5, 2016). Furthermore, the *Romero* court found that "[e]ach alleged violation is a separate claim, meaning that Plaintiff must

4

establish standing for each violation, which in turn means that the Plaintiff must establish an injury in fact caused by each individual call." *Id.* The *Romero* Court further explained that "…the TCPA allows private suits for such calls [made to a cell phone without consent] does not somehow elevate [a] non-injury into a concrete injury sufficient to create Article III standing." *Id.* The *Spokeo* court explained that "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). The *Spokeo* Court found that there must be an actual legal injury (or an injury in fact) to the plaintiff. *Id.* "…[A]t minimum a 'concrete' intangible injury based on a statutory violation must constitute a risk of real harm to the Plaintiff." *Lee v. Verizon Communications, Inc.* 837 F.3d 523, 529 (5th Circuit 2016). "Courts considering harm in connection with TCPA claims have noted that 'one of the purposes of the TCPA was to protect subscribers from the nuisance of unwanted calls." *Morris* at 4. The Courts have concluded that if a plaintiff is not harmed by a call that was placed in violation of the TCPA, then he does not have standing to sue under the TCPA. *Melody Stoops v. Wells Fargo Bank, N.A*. 2016 WL 3566266 at 11 (W.D. Pa. June 24, 2016). In *Stoops*, the court determined the claims of such professional plaintiff are not within the zone of interest protected by the TCPA. *Id.*

The Plaintiff's complaint contains no allegations of any concrete harm that is particularized and actual or imminent as required by cases cited in this memorandum. Furthermore, the Plaintiff fails to demonstrate the likelihood that a favorable decision will redress the injury. This is because the Plaintiff in this instance did not suffer any real harm. As a serial TCPA litigator, as evidenced by his failure to resister his number with the national do not call list and the sheer amount of TCPA lawsuits filed by the Plaintiff, the Plaintiff seeks out any opportunity to file a TCPA lawsuit so that he can make money by taking advantage of the generous penalties granted under the TCPA. Also, there is evidence, that the Plaintiff has baited

the Defendants into (allegedly) calling him as he alleges that he obtained a representation agreement from the Law Offices of Amber Florio, PLLC. The Court in *Stoops* said that because the plaintiff's "only purpose in using her cell phones is to file TCPA lawsuits, the calls are not "a nuisance and an invasion of privacy." *Id.* In light of the forgoing, the Plaintiff's complaint should be dismissed with prejudice (as a serial TCPA litigator) pursuant to Federal Rule 12(b)(1) as he will never be able to demonstrate that he suffered an injury in fact caused by the alleged phone calls.

**II – Plaintiff's fails to state a claim upon which relief can be granted.**

A motion to dismiss for failure to state a claim is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. Fed. R. Civ. P. 12(b)(6). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). In order for a Plaintiff to defeat a dismissal motion based on Fed. R. Civ. P. 12(b)(6), the Plaintiff must allege facts that are sufficient to raise his right to relief, "above the speculative level." *Id.* at 1965. Even though a pleading does not require detailed factual allegations, "it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "To survive a motion to dismiss [for failure to state a claim"], a complaint must contain sufficient factual matter, as accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. "A claim has facial plausibility when a court can draw the reasonable inference that the defendant is liable for the misconduct alleged based on the factual content pled." *Id.* In determining plausibility, courts disregard

"formulaic recitation[s]" of the elements" of the legal claim as conclusory, and assumes the truth of all factual allegations and determines whether those factual allegations allege a plausible claim. *Id.* The *Twombly* Court interpreted Fed. R. Civ. P. (8)(a)(2) to require a short statement of the claim that will "give the defendant a fair notice of what the claim is and the grounds upon which it rests." *Id.* At 1955. Otherwise, a non-specific complaint, sufficient to survive a motion to dismiss, would allow plaintiffs to obtain excessively high settlements. *Starr v. Baca*, 652 F. 3d 1202, 1215 (9th Cir. 2011).

Both the *Twombly* and *Iqbal* courts were concerned that baseless complaints could "open the gates to expensive discovery and force an extortionate settlement." *Paleteria La Michoacana v. Productos Lacteos*, 905 F. Supp. 2d. 189, 192 (D.D.C. 2012). Both the *Twombly* and *Iqbal* cases "help to prevent settlement extortion-using discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit. *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt., Inc.*, 712 F. 3d 705, 715 (2d Cir. 2013). *Twombly* requires a plaintiff to provide sufficient information or "fair notice of what the claim is and the grounds upon which it rests" so that defendant is able to assess and identify the claims brought in the plaintiff's complaint. *Twombly* at 1961.

### a. Telephone Consumer Protection Act

In the present case, the Plaintiff fails to indicate the cellular telephone number(s) that was allegedly called or the incoming phone numbers allegedly used by the Defendants to call the Plaintiff. Under *Twombly* and *Igbal*, notice pleading requires that a plaintiff plead the telephone number in his complaint to "raise a right to relief above the speculative level." *Strand v. Crinthian Colleges, Inc.*, 2014 U.S. Dist. Lexis 52963 at 9 (W.D. Mich. Apr. 17, 2014). Additionally, the Plaintiff fails to allege the number of calls, the exact dates in which the alleged

7

calls occurred, whether he was actually in the state of Texas when he allegedly received those calls (as he admits in his initial Complaint that he was a resident of Tennessee), specific facts demonstrating that the al1eged calls were made with a pre-recorded message or that the alleged calls were automated, what was discussed on any of the alleged calls, information regarding the identity of the person or persons making the alleged calls and facts demonstrating a nexus between the phone calls allegedly received and the Defendants.

The Plaintiff fails to allege whether any of the alleged calls were answered by the Plaintiff. This is important to note as the 5th Circuit has found that prerecorded calls made without using an ATDS and are unanswered, do not violate the TCPA. *Ybarra v. Dish Network, L.L.C.*, 807 F. 3d 635, 641 (5th Circuit. 2015). Therefore, the Defendants need to know, at the time of the Complaint, whether any of the calls went unanswered.

In light of the foregoing, the Plaintiff's complaint should be dismissed as it has failed to state a claim for which relief can be granted. The Plaintiff in this instance merely plead labels conclusions, and a formulaic recitation of TCPA elements under 47 U.S.C. § 227(b)(1)(A)(iii). The Plaintiff is required to plead the exact number of calls alleged, the dates in which the calls were placed, the manner in which each call was placed (whether robo call and/or pre-recorded message), whether he answered each call and details about his phone such as the type of service/data plan the Plaintiff has on his phone(s).

    b. **Fair Debt Collection Practices Act**

The Plaintiff alleges that the "the Defendants in this case violated the FDCPA by attempting to collect a debt and falsely representing their names, which is a false or misleading representation…All of the above named defendants are also debt collectors as defined by the FDCPA, 15 USC § 1692(a), as they are using interstate commerce and they are in the principal purpose of collecting debts due to another, in this case, student loan debt." However, the Plaintiff

also alleges in his complaint that the Defendants were allegedly "selling debt relief services," and that the Defendants failed to provide the required disclosures under 15 U.S.C. § 1692(g).

A debt collector is defined by the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. 1692(a)(6). 15 U.S.C. § 1692(g) states, "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 U.S.C. § 1692(g).

In the present case, the Plaintiffs fails to properly allege that 1) that a debt was owed 2) that the Defendants are debt collectors under the FDCPA, and 3) the basis for which notice would be required under the FDCPA. The Plaintiff in this instance merely plead labels conclusions, and a formulaic recitation of FDCPA elements under 15 U.S.C. 1692(a)(6) and 15 U.S.C. § 1692(g). As such, the Plaintiff fails to properly allege a claim under the FDCPA. Moreover, the FDCPA allegations made by the Plaintiff appear to be out of context in this situation. Perhaps, this was a

poor cut and paste job by the Plaintiff from one of his other numerous pleadings that he has filed. Therefore, any allegations as to the FDCPA should be dismissed.

**III – This Court does not have personal jurisdiction over Hal Browder, Mathew Guthrie, DMB Financial, LLC, Commonwealth Serving Group, LLC.**

As indicated in the Plaintiff's Complaint, defendants, Matthew Guthrie, DNB Financial, LLC, Hal Browder and Commonwealth Servicing Group, LLC are not residents of Texas. As such, the Plaintiff has failed to allege any basis for which the Court can find a showing of general personal jurisdiction or specific personal jurisdiction over these defendants.

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Wilson* v. *Belin*, 20 F. 3d 644, 648 (5th Cir. 1994) (quoting *Stuart* v. *Spademan*, 772 F. 2d 1185, 1192 (5th Cir. 1985). When responding to a motion to dismiss that cites a lack of personal jurisdiction as the basis for the dismissal, "the Plaintiff cannot stand on its pleadings, but must, through affidavits or otherwise, set forth specific facts demonstrating that the Court has jurisdiction." *Quilling* v. *Stark*, 2006 WL 1683442 at 3 (N.D. Tex. June 19, 2006) (quoting Earle v. Aramark Corp., 2004 WL 1879884 at 2 (N.D. Tex. Aug. 16, 2004).

    a. **General Jurisdiction**

General personal jurisdiction exists when a defendant has continuous, systematic, and substantial presence in the forum state. *Companion Prop. & Cas. Ins. Co.* v. *Palermo*, 23 F.3d 557, 559 (5th Cir. 2013). As admitted by the Plaintiff in his Complaint, Commonwealth Servicing Group, LLC is a Massachusetts corporation operating from 4 Surrey Lan, Danvers, MA, DMB Financial, LLC, is a Massachusetts corporation operating from 500 Cummings Center Drive. Ste, 3800, Beverly, MA, Matthew Guthrie can be served at 4 Surrey Lane, Danvers, MA and Hal Browder is a Tennessee-licensed attorney who can be served at 3308 Lebanon Pike, Apt. 30, Hermitage, TN.

The Plaintiff merely alleges that the "Venue in this district is proper in that the defendants transact business here, and the acts and transactions occurred here." That statement is not enough to establish a continuous, systematic, and substantial presence in the state of Texas. As such, the Plaintiff's Complaint should be dismissed, with prejudice, as to defendants, Matthew Guthrie, DNB Financial, LLC, Hal Browder and Commonwealth Servicing Group as the Plaintiff failed to allege facts to establish that this Court has general personal jurisdiction over the said defendants.

### b. Specific Jurisdiction

The Texas long-arm statue imposes the same requirements as the due process requirements set forth in U.S. Constitution. *Palermo* at 559. The exercise of personal jurisdiction over a nonresident defendant satisfies the due process requirements of the Fourteenth Amendment when (a) the nonresident defendant has established minimum contacts with the forum state and (b) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475-76, 105 S. Ct. 2174, 2183-85, 85 L. Ed. 2d 528 (1985). The court has stated that "minimum contacts' necessary to create specific jurisdiction…must arise out of contacts that the 'defendant himself' creates with the forum state." *Id.* At 475.

In the present case, the Plaintiff fails to establish any minimal contacts between Texas and defendants, Matthew Guthrie, DNB Financial, LLC, Hal Browder and Commonwealth Servicing Group, LLC. The Plaintiff merely states that "Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here. Personal jurisdiction is apparent as the defendants are making calls to the state of Texas for the purpose of soliciting Texas residents..." However, the Plaintiff did not even allege that any of the said Defendants actually made the alleged calls at issue. Nor did he allege that he was actually in the state of Texas at the time that he received the alleged calls (as he admitted in an earlier pleading

that he is a resident of Nashville TN)[2]. He also failed to allege, for each of the said defendants, the nature of the business that is transacted in the state of Texas.

Hal Browder, as alleged by the Plaintiff, is an attorney licensed in the state of Tennessee. There is no reason that he would be conducting business in the state of Texas as he is not a licensed in that state. The Plaintiff does not allege that Mr. Browder had any ownership in any of defendant's businesses, or that he is licensed in the state of Texas to practice law. Nor, does the Plaintiff allege that Mr. Browder actually made any of the alleged calls. Therefore, this matter should be dismissed with prejudice as to Mr. Browder as the Plaintiff has failed to establish any minimal contacts between Mr. Browder and the state of Texas.

The Plaintiff alleges that Matthew Guthrie owned both Commonwealth Servicing Group, LLC and DMB Financial, LLC (as admitted by the Plaintiff, both are Massachusetts limited liability companies) and is a Massachusetts resident. Furthermore, the Plaintiff alleges that Commonwealth Servicing Group, LLC and DMB Financial, LLC were Massachusetts corporations. However, the Plaintiff fails to allege any facts demonstrating that Matthew Guthrie, Commonwealth Servicing Group, LLC and DMB Financial, LLC had any minimal contacts with the state of Texas. The Plaintiff needs to allege more facts other than "the defendants transact business here, and that the acts and transactions occurred here." Additionally, the Plaintiff fails to allege that any of these Defendants actually made any of the alleged calls, or that the calls were made while the Plaintiff was in the state of Texas. Therefore, this matter should be dismissed with prejudice as to these defendants.

The truth of the matter is that the Plaintiff is not a resident of the state of Texas. He admitted to being a resident of Tennessee in his pleadings, and other circumstantial evidence supports this fact. The Plaintiff merely uses the state of Texas as the forum state so he can cast

---

[2] If the Plaintiffs allegations are true and Hal Browder, an attorney licensed in the state of Tennessee, was referred to the Plaintiff allegedly by Commonwealth Law Group, then that is further evidence that the Plaintiff is a resident of Tennessee.

the widest net (as Texas is one of the largest states in the country next to Alaska) to include the most defendants possible, not just in this case, but in all of his cases that he files in Texas. Even if the alleged phone calls were made while he in the State of Texas, the Plaintiff has not plead, with specificity; 1) the minimal contacts that each of the aforementioned Defendants had with the state of Texas, 2) any facts demonstrating that the exercise of jurisdiction over the said Defendants comports with traditional notions of fair play and substantial justice, 3) that the Defendants themselves created any contacts with the state of Texas, or 4) alleged that the Defendants made any phone calls to the Plaintiff (as the Plaintiff alleges that "each and every call" were placed by non-served defendant, Monmouth Marketing, LLC). As such, the Plaintiff's Complaint should be dismissed, with prejudice, as to defendants, Matthew Guthrie, DNB Financial, LLC, Hal Browder and Commonwealth Servicing Group as the Plaintiff failed to allege facts to establish that this Court has specific personal jurisdiction over the said defendants.

**IV - Plaintiff fails to Plead facts to allege vicarious liability/agency under the TCPA.**

To allege vicarious liability under the TCPA, a Plaintiff must plead specific facts to demonstrate a reasonable inference of vicarious liability. *Jackson v. Caribbean Cruise Line, Inc.,* 88 F. Supp. 3d 129, 139 (E.D. N.Y. 2015). The court in *Jackson* dismissed the TCPA claim for vicarious TCPA liability where the plaintiff did not plead sufficient facts to allege a plausible basis for liability over a marketing company's text messages. In order to allege vicarious liability under the TCPA, the Plaintiff must establish an agency relationship in that the alleged principal "controlled or had the right to control" the manner and means of the marketing efforts of its agent. *Thomas* v. *Taco Bell Corp*., 879 F. Supp. 2d 1079, 1085 (C.D. Cal. 2012).

As stated above, the Plaintiff alleges that each and every call were placed by non-served defendant, Monmouth Marketing, LLC. Even if true, the Plaintiff is assuming that there is an

agency relationship between Monmouth Marketing, LLC and the other defendants including Amber Florio and the Law Offices of Amber Florio, LLC. Yet, it is entirely unclear in the Plaintiff's Complaint as to 1) which parties are agents and which parties are principles and 2) whether any parties had the right to control the manner and means of the marketing efforts of another party.

In light of the foregoing, the Plaintiff fails to allege any of the elements necessary to set forth a claim for vicarious liability. As the Plaintiff alleges that all the calls were placed by Monmouth Marketing, LLC, the Plaintiff's Complaint should be dismissed as to all the other Defendants as a claim for vicarious liability has not been properly plead.

## CONCLUSION

For the forgoing reasons, Defendants, Amber Florio, Law Offices of Amber Florio, PLLC, Commonwealth Servicing Group, LLC, DMB Financial, LLC, Hal Browder and Matthew Guthrie, respectfully requests that their Motion to Dismiss be granted and Judgment of Dismiss be entered in their favor and against Plaintiff with prejudice, with Defendant being awarded its reasonable fees.

RESPECTFULLY SUBMITTED

  /s/ Jason Augustine
Jason Augustine, lead counsel
Texas State Bar No. 24001672
REEVE | AUGUSTINE | ALARAKHIA, PLLC
870 S. Denton Tap Road, Ste. 290
Coppell, Texas 75019
jason@reeveaugustine.com
Telephone:    (972) 393-4110
Fax:    (972) 346-6898

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on March 14, 2018, a true and correct copy of the foregoing motion was served on all parties using the Court's electronic filing system.

                                              /s/ Jason Augustine