UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS (SHERMAN)

| | |
|---|---|
| CRAIG CUNNINGHAM, ) | |
| ) | No. 4:17-CV-00839 |
| Plaintiff ) | |
| v. ) | Judge Amos L. Mazzant, III |
| ) | |
| AMBER FLORIO, LAW OFFICES OF ) | Magistrate Judge Christine A. Nowak |
| AMBER FLORIO, PLLC, GLOBAL ) | |
| CLIENT SOLUTIONS, LLC, ) | |
| COMMONWEALTH SERVICING ) | |
| GROUP, LLC, MONMOUTH ) | |
| MARKETING GROUP, LLC, TOM ) | |
| MORAN, DMB FINANCIAL, LLC, ) | |
| HAL BROWDER and MATTHEW ) | |
| GUTHRIE, ) | |
| ) | |
| Defendants ) | |

**JOINT REPORT OF RULE 26(f) CONFERENCE**

Plaintiff, Craig Cunningham, and Defendants, Amber Florio, Law Offices of Amber Florio, PLLC, Commonwealth Servicing Group, LLC, DMB Financial, LLC, Hal Browder and Matthew Guthrie, jointly submit this Report of Rule 26(f) Conference pursuant to the Order Governing Proceedings (Docket Number 28) and the Order entered on February 26, 2018 (Docket Number 56). Pursuant to Rule 26(F), the Plaintiff and Counsel for the above-referenced Defendants conferred via telephone on March 12, 2018. As of the date of this Report, the other Defendant, Global Client Solutions has entered into a settlement agreement with the Plaintiff.

**1. A brief factual and legal synopsis of the case.**

Plaintiff's Statement

The Plaintiff alleges that 50-200 calls were placed, by Monmouth Marketing, to his cellular telephone using an automated telephone dialing system and/or a pre-recorded message in violation of 47 USC 227 et seq.

Defendants' Statement

The Defendants contend that they did not place the calls as alleged by the Plaintiff. The Defendants have filed in conjunction with this Joint Report a motion to dismissed based on; 1) a failure to plead an injury-in-fact to demonstrate standing, 2) a failure to state a plausible claim for relief for violations of the TCPA and the FDCPA, 3) a lack of personal jurisdiction and 4) a failure to properly plead vicarious liability. The motion is currently pending.

2. **The jurisdictional basis for this suit.**

The Plaintiff alleges Federal question jurisdiction.

3. **A list of the correct names of the parties to this action and any anticipate additional or potential parties**.

No additional parties are anticipated at this point.

4. **A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases**.

None.

5. **Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed.**

Plaintiff's Statement

Initial disclosures have been exchanged between the Plaintiff and the Defendants, Amber Florio, Law Offices of Amber Florio, PLLC, Commonwealth Servicing Group, LLC, DMB Financial, LLC, Hal Browder and Matthew Guthrie.

Defendants' Statement

The time in which the Defendants were to issue its initial disclosures was extended via motion, which was granted on February 26, 2018. The Defendants have now issued their initial disclosures. As of March 12, 2018, the Defendants have not received initial disclosures from the Plaintiff.

6. **Proposed scheduling order deadlines. Appendix 1 has the standard deadlines.**

Plaintiff's Statement

The Standard scheduling order is generally fine, although the Plaintiff requests 18 weeks to add additional parties, and to account for additional time needed for subpoenas to be issued and responded to.

Defendants Statement

In light of the Defendants' objection, and the significant pleading deficiencies in the Plaintiff's Complaint, the Defendants submit that discovery should be held in abeyance until a motion to dismiss is denied under Rule 12 and the Defendants answer the Complaint.

7. **Describe in accordance with Rule 26(f):**

**(i)   The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Plaintiff's Statement

The Plaintiff anticipate discovery to be needed on any additional parties involved, the total number of telephone calls placed to the Plaintiff, the manner in which the calls to the Plaintiff were placed, contracts and agreements between the defendants, and discovery on the identities of all persons and entities involved. The Plaintiff expects written discovery, depositions, and subpoenas in this effort. The Plaintiff believes discovery should begin immediately. The Plaintiff does not believe that discovery should be conducted in phases.

Defendants' Statement

In light of the Defendants' objection to the Court's exercise of personal jurisdiction over them, and the significant pleading deficiencies in the Plaintiff's Complaint, the Defendants submit that discovery should be held in abeyance until a motion to dismiss is denied under Rule

12 and the Defendants answer the Complaint. If discovery is to take place, the Defendants anticipate that discovery will be needed on the alleged telephone calls, the Plaintiff's alleged injuries (or a lack thereof), Plaintiff's extensive history in filing TCPA lawsuits, whether Plaintiff consented to receive the alleged phone calls and whether the Plaintiff caused the alleged calls to occur by baiting one or more Defendants into making the alleged calls.

> **(ii) Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonable usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any dispute regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.**

Plaintiff's Statement

The Parties discussed that electronically stored information should be produced in the manner in which it is kept. Emails will be forwarded. Call recordings will be sent as an attachment or on a USB drive or CD.

Defendants' Statement

The Parties also discussed the need for preservation of relevant information, in particular the cellular telephone(s) on which the Plaintiff alleges he received the telephone calls at issue.

> **(iii) Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the court for entry of a protective order. Unless a request is made for modification, the court will use the form found on the Eastern District website.**

Plaintiff's Statement

None So far.

Defendants' Statement

None at this time. But the Defendants reserve their right to amend this statement.

    **(iv)** Any changes should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed, as well as:

None.

    **(v)** Whether any other orders should be entered by the court pursuant to Federal Rule of Civil Procedure 26(6) or 16(b), (c)

None.

**8. State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The court will appoint a mediator if none is agreed upon.**

The parties have not agreed upon a mediator. The Plaintiff has provided the defendants with a settlement demand. The Defendants have not made an offer to settle.

**9. The identity of persons expected to be deposed.**

<u>Plaintiff's Statement</u>

The Plaintiff expects that all of the named defendants will be deposed.

<u>Defendant's Statement</u>

The Defendants will depose the Plaintiff. However, the Defendants reserve their right to amend this statement.

10. **Estimated trial time and whether a jury demand has been timely made**.

<u>Plaintiff's Statement</u>

The Plaintiff estimated 3 days for trial.

<u>Defendants' Statement</u>

The Defendants estimate 5 days for trial. No demand for a jury trial has been made.

11. **The Names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

<u>Plaintiff's Statement</u>

The plaintiff will be appearing pro-se.

Defendants' Statement

The Defendants will be represented by Jason Augustine.

**12. Whether the parties jointly consent to trial before a magistrate judge.**

The parties do not consent to trial before a magistrate judge.

**13. Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.**

None.

Dated: March 13, 2018

| | |
|---|---|
| /s/ Craig Cunningham <br> 3000 Custer Road, Ste 270-206 <br> Plano, TX 75075 <br><br> *Plaintiff Pro-se* | /s/ Jason Augustine, Esq. <br> Reeve, Augustine, Alarakhia, PLLC <br> 870 S. Denton Tap Rd., Suite 290 <br> Coppell, Texas 75019 <br> 927-393-4110 |

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on _____, a true and correct copy of the foregoing was served upon all counsel and parties of record listed below by e-mail and U.S. first class mail.

**SERVICE LIST**
Craig Cunningham
3000 Custer Road, Suite 270-206
Plano, TX 75075
projectpalehorse@hushmail.com

*Plaintiff Pro Se*

LAW OFFICE OF VINCENT CARRIZALES
Vincent R. Carrizales, Esq.
400 S. Zang Boulevard, Suite 105
Dallas, TX 75208
(214) 942-4500
vincent@vrclaw.com

*Attorney for Commonwealth Servicing Group, LLC, DMB Financial, LLC, Amber Florio, Law Offices of Amber Florio, Hal Browder and Matthew Guthrie*

GREENSPOON MARDER LLP
Richard W. Epstein (admitted *pro hav vice*)
Jeffrey A. Backman (admitted *pro hac vice*)
Roy Taub (admitted *pro hac vice*)
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
954-491-1120 (Telephone)
954-343-6958 (Facsimile)
richard.epstein@gmlaw.com
jeffrey.backman@gmlaw.com
roy.taub@gmlaw.com


SHEEHY, WARE & PAPPAS, P.C.
Joseph A. Garnett
Texas Bar No. 07680600
Federal Bar No. 8307
909 Fannin Street
Suite 2500
Houston, Texas 77010
Phone: 713-951-1016
Fax: 713-951-1199
jgarnett@sheehyware.com

*Attorneys for Defendant Global Client Solutions, LLC*