US District Court for the Eastern District of Texas (Sherman)

) Craig Cunningham

) Plaintiff, pro se

)

) v.

CIVIL ACTION NO. 4:17-cv-00839

)

) Florio et al

) Defendants.

**Plaintiff's Second Motion for Sanctions and motion to compel initial disclosures**

1. The Plaintiff hereby requests the court enter Sanctions and contempt against Jason Augustine and all defendants represented by him in this case *(Amber Florio, Law offices of Amber Florio, PLLC, Commonwealth Servicing Group, LLC, Monmounth Marketing Group, LLC, Tom Moran, DMB Financial, LLC, Hal Browder, and Matthew Guthrie)* and order the defendants to produce initial disclosures.

**Jason Augustine and his clients should be sanctioned for disobeying the court's order governing proceedings filed on 1/16/2018**

2. The court's order required initial disclosures include the name, address, and phone number of parties to the action and any anticipated additional parties or potential parties. The Defendants know of the name, address, and phone number for Monmouth Marketing Group and Tom Moran, the telemarketer they hired to place the offending calls, but have refused to state this information in their deficient initial disclosures sent to the Plaintiff on March 14th 2018.

3. The Plaintiff discussed this matter with Jason Augustine on March 12th 2018 stating that the initial disclosures should include this information as the Monmouth marketing defendants are witnesses and named defendants in this lawsuit. Jason Augustine described the information required to be disclosed per the FRCP and the court's order as a "Discovery issue" and indi-

cated his intention to withhold this information from his initial disclosures and indeed did withhold this information from the initial disclosures.

4. The court's order specifically states that *"initial mandatory disclosure **shall** occur before the rule 16 management conference, so that counsel are in a position to discuss additional discovery and scheduling of the case."* In this case, initial mandatory disclosures have not been completely provided before the rule 16 management conference due to the willful refusal of Jason Augustine and overt withholding of this information. The court's order further states that *"The fact that the scheduling order will have a deadline for completion of discovery is NOT an invitation or authorization to withhold documents or information required to be disclosed as part of initial mandatory disclosure under the guise of "supplementation." Attorneys are expected to reveiw the client's files and to conduct at least preliminary interview of their clients and potential witnesses under their control, so as to fully comply with the initial mandatory disclosure requirements by the deadline set in this order."*

5. Again, Jason Augustine has withheld documents and information required to be disclosed or in the alternative has failed to review his clients files and conduct interviews to obtain this information known only by his clients. Jason Augustine also stated that he was well aware of the requirements of the initial disclosures erasing any doubt that the withholding is intentional and not a mistake or oversight.

6. Furthermore, the Defendants are required to provide via the courts order within 10 days of the after the rule 26 conference and shall include the additional information: *"The correct names of the parties to the action. The name and if known, address and telephone number of potential parties to the action. The name and if known, the addres and phone number of persons having knowledge of facts relevant to the claim or defense of any party, a brief characterization of their connection to the case and a fair summary of the substance of the information known by such person. This may be combined with the list of persons required under Rule 26(a)(1)(A)(i) so two lists are not needed. and A copy of all document, ESI, witness statements and tangible things in the posession, custody, or control of the disclosing party that are relevant to the claim or defense of any party."*

7. In this case, no documents have been produced with the initial disclosures by the defendants, no address or telephone numbers have been produced relating to any potential party or witnesses, which would naturally include Tom Moran and Monmouth Marketing. The Defendants again are willfully withholding this information and described it as a "discovery issue" when the Plaintiff brought it the fact that these documents must be disclosed as part of their initial disclosures.

8. In the court's order dated January 16, 2018, the court warned of sanctions in the paragraph titled "COMPLIANCE" in page 7 of the document and noted: Failure to comply with relevant provisions of the local rules, Federal Rules of Civil Procedure or this order may result in the exclusion of evidenc at trial, the imposition of sanctions by the court, or both." The court finally pointed to local rules AT-3 *"Standards of Practice to be observed by attorneys"* with a particular focus on rule (1) which deals with being punctual in communications with others and in honoring scheduled appearances and will recognize that neglect and tardiness are demeaning to the lawyer and to the judicial system.

9. The Plaintiff met and conferred with Jason Augustine on 3/14/2018 via telephone and no agreement was reached and Jason Augustine stated he was opposed to this motion.

10. Jason Augustine has shown nelect and tardines and wholesale contempt for the judicial process by his outright refusal to follow the court's scheduling order and ignoring the court's deadlines and requirements to disclose information in their posession, custody, and control.

## Conclusion

11. The Defendants should be sanctioned $5,000 and all affirmative defenses be struck and the defendants be precluded from entering any evidence not included with their initial disclosures.

Craig Cunningham, Plaintiff, Pro-se

5543 Edmondson Pike ste 248

Nashville, TN 37211

3/15/2018, 615-348-1977

US District Court for the Eastern District of Texas (Sherman)

) Craig Cunningham

) Plaintiff, pro se

)

) v.

CIVIL ACTION NO. 4:17-cv-00839

)

) Florio et al

) Defendants.

**Certificate of Service**

I certify that a true copy of the foregoing was sent via usps first class mail to

Jeff Backman, Greenspoon Marder, LLP, 200 E Broward Blvd., ste 1800, Fort Lauderdale, FL 33301

and

Jason Augustine 870 S. Denton Tap Rd., ste 290 Coppell TX 75019

Craig Cunningham, Plaintiff, Pro-se

5543 Edmondson Pike ste 248

Nashville, TN 37211

3/15/2018

615-348-1977