UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS (SHERMAN)

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | ) | |
| | ) | No. 4:17-CV-00839 |
| Plaintiff | ) | |
| v. | ) | Judge Amos L. Mazzant, III |
| | ) | |
| AMBER FLORIO, LAW OFFICES OF AMBER FLORIO, PLLC, GLOBAL CLIENT SOLUTIONS, LLC, COMMONWEALTH SERVICING GROUP, LLC, MONMOUTH MARKETING GROUP, LLC, TOM MORAN, DMB FINANCIAL, LLC, HAL BROWDER and MATTHEW GUTHRIE, | ) ) ) ) ) ) ) ) ) | Magistrate Judge Christine A. Nowak |
| | ) | |
| Defendants | ) | |

**DEFENDANTS, DMB FINANCIAL, LLC, AMBER FLORIO, LAW OFFICES OF AMBER FLORIO, PLLC, HAL BROWDER, MATTHEW GUTHRIE, MONMOUTH MARKETING GROUP, LLC, COMMONWEALTH SERVICING GROUP. LLC AND TOM MORAN'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTIONS TO DISMISS**

Pursuant to Court's request, as set forth in Document Number 81, Defendants, DMB Financial, LLC, Amber Florio, Law Offices of Amber Florio, PLLC, Hal Browder, Matthew Guthrie, Monmouth Marketing Group, LLC, Commonwealth Servicing Group, LLC and Tom Moran (collectively "Defendants") collectively file the attached Supplemental Memorandum in Support of their Motions (filed separately) to Dismiss (based on a lack of personal jurisdiction). The attached Supplemental Memorandum in Support will address the issues of 1) whether the Fair Debt Collection Practices Act ("FDCPA") applies in this instance, and 2) whether the FDCPA provides for nationwide service of process.

**SUPPLEMENTAL MEMORANDUM IN SUPPORT**

1. **THE FDCPA DOES NOT APPLY IN THIS INSTANCE.**

As noted in the Defendants' separate Motions to Dismiss, the Plaintiff alleges that the "the Defendants in this case violated the FDCPA by attempting to collect a debt and falsely representing their names, which is a false or misleading representation…All of the above named defendants are also debt collectors as defined by the FDCPA, 15 USC § 1692(a), as they are using interstate commerce and they are in the principal purpose of collecting debts due to another, in this case, student loan debt."  As none of the Defendants are debt collectors, it is believed that the Plaintiff included the FDCPA allegations by mistake in that they were likely cut and pasted from one of his many other complaints (likely involving calls from a debt collector).

A debt collector is defined by the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  The Plaintiff fails to establish that any of the Defendants are debt collectors under the aforementioned definition of the FDCPA.  In fact, it can be inferred from the Plaintiff's allegations that the Defendants are involved in debt relief services, not debt collection.  Specifically, the Plaintiff alleges that he obtained a representation agreement from the Law Offices of Amber Florio (which the Plaintiff infers is an agreement for debt relief services provided by the Law Offices of Amber Florio).  If the Law Offices of Amber Florio were in fact trying to collect a debt, there is no reason why a law firm would send out a representation agreement to represent the Plaintiff in such an instance.  The notion that the Defendants are allegedly involved in debt relief services is further supported by the Plaintiff's allegations in that he "learned that the debt relief services were actually by and on behalf of the Commonwealth

Servicing Group, LLC and DMB Financial, LLF…," and that the alleged calls "had a familiar 'Heather with card service' pre-recorded message and were selling debt relief services." The Plaintiff also acknowledges and alleges the manner in which certain debts would be resolved by stating, "[i]t was repeatedly mentioned in the phone calls that an escrow type service would be used to redirect payments that the Plaintiff was currently making to his creditors in order to save up enough money to make a settlement offer."

In light of the foregoing, the Plaintiff fails to properly allege a claim under the FDCPA. Specifically, the Plaintiff fails to allege that a debt was owed to the Defendants and that the Defendants meet the definition of a debt collector as set forth by the FDCPA. Moreover, the FDCPA allegations made by the Plaintiff appear to be out of context in this situation as the Defendants clearly are not, based on the conflicting allegations made by the Plaintiff, debt collectors. The Defendants cannot be both engaged in debt relief services and debt collection at the same time as there would be a significant conflict of interest. Perhaps, this was a poor cut and paste job by the Plaintiff from one of his other numerous TCPA pleadings that he has filed both in Texas and Tennessee (amongst other states). Therefore, any allegations made under the FDCPA should be dismissed with prejudice. As such, the Court should not apply the FDCPA in its analysis of the Court's ability to exercise personal jurisdiction over the Defendants.

## 2. THERE IS A SPLIT IN AUTHORITY ON WHETHER ON NATIONWIDE SERVICE OF PROCESS UNDER THE FDCPA.

The Court, in its Order, referenced the *Salihu* and *Holmes* decisions, which both rely on *Reese Bros, Inc. v. US Postal service,* 477 F.Supp. 2d 31 (D.D.C March 5, 2007). Unquestionably, the authorities cited hold that the FDCPA provides for nationwide service. Applying those cases, Defendants concede that nationwide service would apply. There appears, however, to be a split on this issue within the Federal District Courts that the Defendants refer to the Court's attention as persuasive authority.

The Court in *Vlasak v. Rapid Collection Systems, Inc.*, specifically held that the "FDCPA does not authorize nationwide service of process..." 962 F. Supp. 1096, 1100 (N.D. ILL, 1997). *Vlasak,* an Illinois resident, alleged that certain communications from Rapid, an Arizona corporation, violated the FDCPA. *Id.* at 1097. Instead of a using nationwide service of process analysis that some federal legislation expressly provides, the *Vlasak* court applied a minimal contact analysis as set forth in "*International Shoe* and its progeny." *Id.* at 1101.

In light of the court's finding in *Vlasak*, the Defendants urge the Court to apply a minimal contact analysis (in lieu of a nationwide service of process analysis) in determining whether the Court has personal jurisdiction over the out-of-state Defendants.

## CONCLUSION

For the forgoing reasons, this Court should find that the Plaintiff failed to allege a cause of action under the FDCPA (and dismiss any such count with prejudice), and/or find that the Court lacks personal jurisdiction over the out-of-state Defendants.

RESPECTFULLY SUBMITTED

/s/Jason Augustine
Jason Augustine, lead counsel
Reeve, Augustine, Alarakhia, PLLC
870 S. Denton Tap Rd., Suite 290
Coppell, Texas 75019
Telephone:     972-393-4110
Fax:                972-346-6898
Jason@reeveaugustine.com

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on June 14, 2018, a true and correct copy of the foregoing was served upon all parties using the Court's electronic filing system.


                                            /s/ Jason Augustine
                                            Jason Augustine